## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

KELLY KRIMMEL                          )
                                       )
         Plaintiff,                 )
                                       )        CIVIL NO. 2002-0028
         v.                        )
                                       )
HOVENSA, L.L.C. and HOVIC              )
                                       )
         Defendants.                )
_____ )

## <u>MEMORANDUM OPINION</u>

FINCH, J.

      THIS MATTER comes before the Court on the Motion for Judgment on the Pleadings

filed by Defendant Hess Oil Virgin Islands Corp. (hereinafter "HOVIC"). Plaintiff, Kelly

Krimmel, opposes such motion.

## I.      PROCEDURAL BACKGROUND

      Plaintiff has filed this action against the Defendants alleging the following counts: (1)

violation under Title VII of the Civil Rights Act of 1964, 42 USCS § 2000e; (2) violation of

Virgin Islands civil rights statutes 24 V.I.C. § 451 and 10 V.I.C. § 64; (3) wrongful discharge

under 24 V.I.C. § 76; (4) intentional and negligent infliction of emotional distress; and (5)

punitive damages. Defendant HOVIC filed a motion seeking to dismiss all of the counts

contained in the allegations pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

      Plaintiff, Kelly Krimmel, was employed by HOVIC starting in December 1997 as a Skills

Training Supervisor. Complaint ¶ ¶ 5-6. The company's Manager of Human Resources

Development resigned in August 1998 and Plaintiff was given many of the responsibilities of

that position without any change to her job title or pay.  Complaint ¶ 7.  In 1998, the company changed ownership from HOVIC to HOVENSA, LLC and, during the transition, the position of Manager of Human Resources Development remained unfilled.  Complaint ¶ 9.  After the company changed hands, Plaintiff along with everyone else in Plaintiff's department kept their same jobs and salaries.  Id.

Plaintiff alleges that HOVIC failed to post the Manager of Human Resources Development position when it first became available and that, after taking control of the company, HOVENSA did not post the position as open for several months because Defendants have "a policy and a pattern of creating a position, hiring the person for the position and drafting the qualifications for the position to tailor them to the qualifications of the person already hired." Complaint ¶ 10.  According to Plaintiff, Defendants have a practice of rewriting job descriptions and qualifications for a position to conform to those of the person they have previously selected to hire.  Complaint ¶ 12.

In January 1999, Defendant HOVENSA posted the position of Manager of Human Resource Development as vacant.  Complaint ¶ 13.  At some point after the open position was posted, Plaintiff submitted a letter of interest in the position and allegedly had the proper qualifications to fill the position, but was not called for an interview.  Complaint ¶ 14.  In response to Plaintiff's inquiry, the Human Resources Manager informed her that Defendants decided they would not fill the position from within the company.  Complaint ¶ 15.  According to Plaintiff, the Defendants' decision was in violation of the company's affirmative action plan and hiring guidelines.  Complaint ¶ 17.  Plaintiff complained to the president of HOVENSA, Rene Sagebien, and pointed out that there were no female managers at HOVENSA.  Plaintiff

was promoted to the position of Manager of Human Resource Development in July 1999. Complaint ¶ 18.

Plaintiff's salary in her new position was $75,000.00. After complaining that the pay was too low, Defendants told her that this was the amount she was entitled to based on her qualifications. Complaint ¶ 22. Defendants represented to Plaintiff that the salary range for the position was $72,000.00 to $102,000. Id. On December 22, 2000, Plaintiff informed the Manager of Personnel Administration, Richard Mahurt, that she believed she was the victim of discrimination. Complaint ¶ 28. Plaintiff addressed the same concerns to several other managers at the company to no avail. In May 2001, Plaintiff learned that her position was previously filled by Mr. Mark Krysiak, who earned $111,000.00. According to Plaintiff, Krysiak was less or equally as qualified as she was. Complaint ¶ 23.

In April 2001, Plaintiff came up for salary review and was given an above average performance rating. Complaint ¶ 37. However, she received a standard salary increase despite her complaints. Id. The same month, Defendants filled the position of Manager of Human Resources Development and Training (which, from the complaint, appears to be a position distinct from Manager of Human Resource Development) with a male individual without posting the job opening or providing Plaintiff with the opportunity to apply. Complaint ¶ 38. Plaintiff alleges that the individual who filled the position was less qualified for the job than her. Id.

Plaintiff claims that males in the human resource department did not treat her as an equal and spoke to her in a degrading manner. Complaint ¶ 46. Plaintiff further alleges that Defendants withdrew some of her job responsibilities and decreased her staff, aggravating the already hostile work environment. Complaint ¶ 43.

3

Plaintiff resigned from her position on June 8, 2001 and filed an Equal Employment Opportunity Commission ("EEOC") complaint on June 14, 2001 alleging gender discrimination. Complaint ¶ ¶ 48-49.  On December 27, 2001, Plaintiff received a right to sue letter from the EEOC.  Complaint ¶ 51.

## II.     STANDARD OF REVIEW

In deciding a Motion for Judgment on the Pleadings, the same standards apply as would under Federal Rule of Civil Procedure 12(b)(6).  Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).  When ruling on a motion to dismiss pursuant to Rule 12(b)(6), this Court must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them. Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). The Court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## III.    DISCUSSION

### A.  Title VII Cause of Action

HOVENSA L.L.C. took over as owner and operator of the refinery in St. Croix on October 30, 1998 and Plaintiff did not file an employment discrimination charge with the EEOC until June 14, 2001.  See 42 U.S.C. § 2000e-5(e)(1) (requiring a plaintiff to file a timely charge with the EEOC to proceed with an employment discrimination claim under Title VII).  HOVIC contends that this count should be dismissed because Plaintiff failed to file an EEOC charge within 300 days of any unlawful gender discrimination attributable to HOVIC.  See Nielsen-

Allen v. Indus. Maint. Corp., 285 F. Supp. 2d 671, 672 (D.V.I. 2002) (holding that only those unlawful employment practices that occurred within 300 days of the filing of the charge are actionable).

Although the charges against HOVIC were filed almost two years after the transition from HOVIC to HOVENSA,  Plaintiff contends that her claim is not time barred and this count should not be dismissed because: (1) she continued to be employed by HOVIC even after HOVENSA took over as owner of the refinery and (2) she suffered from a "continuing violation" because the discriminatory conduct that began prior to the filing period was part of an ongoing practice of gender discrimination.

## 1.  **HOVIC Cannot be Held Liable as Plaintiff's Employer after 1998**

Plaintiff asserts that HOVIC continued to direct employment policy and made employment decisions after October 30, 1998 and that, therefore, she was still employed by HOVIC after this date.  Plaintiff argues that HOVIC should not be shielded from liability for any tortious conduct committed as a member of HOVENSA because HOVIC continued to actively participate in the refinery operations, including employment practices and policies.  Plaintiff's Opposition Brief at 5-6.  Therefore, Plaintiff seeks to hold HOVIC liable for employment discrimination that occurred after it ceded ownership to HOVENSA L.L.C.

HOVIC is a member of HOVENSA, L.L.C., a Virgin Islands limited liability company formed in accordance with the Uniform Limited Liability Company Act, 13 V.I.C. §§ 1101-2203.  The Virgin Islands Uniform Limited Liability Company Act, addressing relations of members and managers to persons dealing with limited liability companies, states in relevant part:

> The debts, obligations and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the company. A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager.

13 V.I.C. § 1303(a). This act specifically protects HOVIC, as a member of HOVENSA L.L.C., from liability for any alleged discrimination that took place under HOVENSA's ownership of the refinery. See also Nielson-Allen, WL 32173492 at *1 (D.V.I., June 25, 2002) (holding that the Uniform Limited Liability Company Act protects HOVIC from any liability for discrimination arising solely from HOVIC's status as a member or manager of HOVENSA, L.L.C.). In this case, all of HOVIC's alleged actions were taken as a member or manager of HOVENSA L.L.C.

### 2.   HOVIC Cannot be Held Liable Under a "Continuing Violation" Theory

Plaintiff's argument for a continuing violation that started during her employment with HOVIC and continued during her employment with HOVENSA is unpersuasive because Plaintiff has failed in her attempt to convert her employment under the two entities into a single, continuous employment. As discussed in the previous section, HOVIC ceded ownership of the refinery to HOVENSA in October 1998 and is not personally liable as a member or manager of the limited partnership. Because Plaintiff waited more than 300 days after HOVENSA, L.L.C. took over the refinery from HOVIC to charge HOVIC with discrimination, her Title VII claim against HOVIC for conduct that took place before HOVENSA, L.L.C. took ownership is untimely.

Even if Plaintiff was able to prove the existence of a single, continuous employment such that HOVIC would remain liable for conduct occurring during HOVENSA's ownership, Plaintiff still would not have a valid claim under the "continuing violation theory." For a claim to fall within the continuing violation theory, which acts as a tolling device for the filing

requirement under Title VII, the plaintiff must establish that "at least one act occurred within the filing period" and the defendant's conduct is part of "a persistent, on-going pattern" rather than "the occurrence of isolated or sporadic acts of discrimination." Id. at 754-55. In Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002), the Supreme Court explained that independently actionable discrete acts cannot be combined and converted into a single unlawful employment practice to qualify under the continuing violation theory. See also Ledbetter v. Goodyear Tire & Rubber Co., Inc., 127 S. Ct. 2162, 2169 (2007) ("if an employer engages in a series of acts each of which is intentionally discriminatory, then a fresh violation takes place when each act is committed.").

Discrete discriminatory acts, such as termination, failure to promote, and denial of transfer, "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Morgan, 536 U.S. at 113-114. The Third Circuit has also recognized the following as discrete acts which are individually actionable: denial of transfer, refusal to hire, wrongful discipline, wrongful suspension, denial of training and failure to provide an adequate staff. O'Connor v. City of Newark, 440 F.3d 125, 126-127 (3d Cir. 2006). see also Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 483 (3d Cir. 1997) ("Rush's failure to promote and train claim addresses discrete instances of alleged discrimination that are not susceptible to a continuing violation analysis.")

Plaintiff's claim for employment discrimination specifically cites to independently actionable discrete acts against HOVENSA, including the failure to promote, failure to investigate her claims, failure to post job openings, refusal to hire, failure to properly compensate for work done and constructive termination. Except for the alleged conduct which created a hostile work environment, all the discriminatory acts alleged by Plaintiff are either among the

non-exhaustive list of "discrete" acts enumerated in <u>Morgan</u> and <u>O'Connor</u> or are very similar to such actions. Therefore, these allegations by Plaintiff, each of which must be independently exhausted through the administrative process, cannot be salvaged by the continuing violation theory.

For the same reasons that Plaintiff's independently actionable discrimination claims against HOVIC are barred for her failure to file a timely EEOC charge, her hostile work environment claim[1] is similarly time barred. Although the Supreme Court has indicated that employees would not be barred from using an otherwise untimely allegation as background evidence in support of a timely claim, liability will not attach for those untimely allegations. <u>Morgan</u>, 536 U.S. at 113; <u>See also Rush</u>, 113 F.3d at 483-485 (untimely claims cannot be lumped together with plaintiff's other claims supporting a hostile work environment, namely a continuous pattern of demeaning remarks, rude behavior, foul language, and inappropriate touching of plaintiff, in order to make such untimely claims timely).

Plaintiff complains that "males in the Human Resource Department have failed to meet with…share information…or treat Plaintiff as an equal" and "have spoken in a degrading manner," which created a hostile work environment. Complaint ¶ ¶ 45-46. However, Plaintiff does not ascribe any of this conduct to HOVIC, as it all took place during HOVENSA's ownership of the refinery. Other than the naked allegations of a pattern and practice of discrimination asserted at paragraphs 10 and 12, Plaintiff's complaint does not contain any particular assertion of discrimination by HOVIC prior to October of 1998. "The rule is well established in this circuit that a civil rights complaint that relies on vague conclusory allegations

---

[1] In determining whether an environment is hostile, the totality of the circumstances are considered, which "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 23 (1993).

does not provide 'fair notice' and will not survive a motion to dismiss." <u>United States v. City of Philadelphia</u>, 655 F. 2d 187, 204 (3d Cir. 1995).

### B.  Non-Federal Causes of Action

Plaintiff's causes of action against HOVIC for violation of the civil rights laws of the Virgin Islands, wrongful discharge and intentional or negligent infliction of emotional distress are subject to a two-year statute of limitations.  See 5 V.I.C. § 31(5)(A).  Plaintiff's complaint was filed in 2002, more than two years from the time HOVENSA, L.L.C. took over the refinery from HOVIC.  Even if Plaintiff's non-federal claims were timely, her civil action for HOVIC's violation of 24 V.I.C. § 451 or 10 V.I.C. § 64 cannot be brought directly in court because the Virgin Islands anti-discrimination laws do not provide for a private cause of action for sex discrimination.  <u>Miller v. V.I. Hous. Auth</u>., 2005 U.S. Dist. LEXIS 11146 at *15 (D.V.I. 2005).  Therefore, Plaintiff's claims against HOVIC for wrongful discharge, violation of the civil rights laws of the Virgin Islands and intentional or negligent infliction of emotional distress are dismissed.

## IV.    CONCLUSION

For the reasons stated above, the motion for judgment on the pleadings is **GRANTED** as to HOVIC on all counts.


**ENTERED this 28 day of November, 2007.**


_____/s/_____
**HONORABLE RAYMOND L. FINCH**
**U.S. DISTRICT JUDGE**